# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>vs.<br><br>**MARISOL QUINTERO SOLORIO, and JULIO CESAR BARRON,**<br><br>Defendants. | **1:15-CR-00319-LJO-SKO**<br><br>**ORDER DENYING MOTION TO SUPPRESS FILED BY DEFENDANT MARISOL QUINTERO SOLORIO (JOINED BY DEFENDANT JULIO CESAR BARRON); ORDER VACATING 9-18-17 AND 9-22-17 HEARINGS**<br><br>**(Docs. 94 & 95)** |

The Court has received and reviewed Defendant Marisol Quintero Solorio's Amended Notice of Motion and Motion (Doc. 95), Defendant Julio Cesar Barron's Joinder (Doc. 101), the Government's Opposition, including documents and declarations (Docs. 102 and 103), and Defendant Solorio's Response, including documents, photographs and declarations (Docs. 107, 107-1 and 107-2). The submissions are thorough and clear as to law and positions. The currently set September 18 and 22, 2017 hearings are vacated, a tribute to the clarity and complete nature of the submissions by the parties.

The Request for an Evidentiary Hearing is DENIED. Had the decision of this Court hinged on the dog sniff issue, the Court would have set a hearing on the matter. Since it does not, no such hearing is needed. The Court therefore exercises the discretion it maintains in this regard. *United States v Howell*, 231 F.3d 615, 620 (9th Cir. 2000). In this case, the voluminous submissions by the parties are sufficiently definite, specific, and detailed. Those submissions enable this Court to make conclusions on the uncontested matters upon which this Court bases its ultimate decisions, both to vacate the hearing and to rule on the motion. *United States v Ramirez-Garcia*, 269 F.3d 945, 947 (9th Cir. 2001).

Succinctly stated, the Defense position is that no reasonable suspicion or probable cause to believe the defendant was involved in any drug transaction existed to justify either the traffic stop or the vehicle search. More specifically, Defense argues that because the officers did not see any exchange of drugs, and only relied on information gained from wiretap phone monitoring, there was no probable cause.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches." U.S. Const. amend. IV. Under the "automobile exception" to the warrant requirement, no warrant is necessary to search an automobile if probable cause exists to believe the automobile contains contraband or evidence of a crime. *Arkansas v. Sanders*, 442 U.S. 753, 760 (1979), abrogated on other grounds by *California v. Acevedo*, 500 U.S. 565 (1991). When the automobile exception applies, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982).

Probable cause exists "when the known facts and circumstances are sufficient to warrant a reasonable person to conclude that contraband or evidence of a crime will be found." *United States v. Ibarra*, 345 F.3d 711, 716 (9th Cir. 2003). Probable cause determinations are to be informed by a "totality-of-the-circumstances" analysis. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). An officer's subjective thoughts play no role in the Fourth Amendment analysis. *United States v. Ramirez*, 473 F.3d 1026, 1031 (9th Cir. 2007) ("[I]t does not matter that [the] Officer [] was directed to make a 'traffic stop,' nor does it matter whether he had valid grounds to make the traffic stop. . . . If the officers had probable cause, then the seizure and search of the vehicle will be justified.").

In evaluating whether an investigatory stop, search, or arrest complies with the Fourth Amendment, a court may consider "the collective knowledge of all the officers involved in the criminal investigation," even if "all of the information known to the law enforcement officers involved in the investigation is not communicated to the officer who actually undertakes the challenged action." *Id*. at 1032. The so-called "collective knowledge doctrine" may be applied in two situations: (1) "where law

enforcement agents are working together in an investigation but have not explicitly communicated the facts each has independently learned," and (2) "where an officer (or team of officers), with direct personal knowledge of all the facts necessary to give rise to reasonable suspicion or probable cause, directs or requests that another officer, not previously involved in the investigation, conduct a stop, search, or arrest." *Id*. at 1032-33.

Here, the team of investigating agents from the Drug Enforcement Administration and the Stanislaus Drug Enforcement Agency possessed collective knowledge sufficient to establish probable cause to believe that the vehicle in which Defendants Solorio and Barron were traveling was carrying illegal drugs. The fruits from the wiretaps over a 5-6 day period of time made it clear that there was an unlawful drug transaction in progress; that Raul Esparza was causing drugs to be delivered to Defendant Gonzales, and from there to Defendant Barron; that a drug transaction in furtherance of the operation was to occur on July 29, 2015 at the restaurant in question in the current factual scenario; that Gonzalez made a tapped call upon his arrival at the restaurant to Barron's phone, which was answered by a female person; that female person said "I'll be out there right now"; and that the female (later identified as Defendant Solorio) did in fact come right out and met with Gonzalez. This, coupled with the physical activities between and around the two cars observed by the agents from a distance, constituted strong circumstantial evidence that a drug exchange had occurred, particularly when considered in light of the knowledge that had been building for the week before.

Moreover, upon Barron and Solorio's departure from the restaurant in the subject vehicle, one of the investigating agents contacted CHP Officer Fowles, provided Fowles with a description of the vehicle, and requested an enforcement stop. *See* Declaration of Officer Matt Fowles, Doc. 103-2, at Bates 64; *see also United States v. Covarrubias*, 302 F. App'x 702, 703 (9th Cir. 2008) (collective knowledge doctrine applied where investigating joint task force requested local sheriff's department look for suspect's vehicle because the task force believed the vehicle contained drugs, and deputy who received the information understood he was being asked to conduct a stop of the vehicle for the purpose

3

of searching it for drugs).

## **CONCLUSION AND ORDER**

While the Defendant's position may be a viable argument before a jury on the issue of guilt or innocence, as it pertains to the instant motion it ignores the overwhelming probable cause established by the cumulative and synergistic circumstantial evidence presented in this case. The evidence accurately presented at page 4:2 through page 7:9 of the Government's opposition (Doc. 103) established a high level of probable cause to execute the vehicle stop and search the vehicle for evidence of the drug transaction. The investigating agents communicated an appropriate order or request to CHP Officer Fowles, who conducted a lawful warrantless search. The motion to suppress is DENIED. The hearings set for September 18 and 22, 2017 are VACATED.

The trial date of January 9, 2018 at 8:30 a.m. is confirmed.

IT IS SO ORDERED.

Dated: **September 15, 2017**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES CHIEF DISTRICT JUDGE